**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR                  :
ENVIRONMENTAL RESPONSIBILITY,          :
                                       :
      Plaintiff,                      :
                                       :
  v.                                   :  Civil Action No. 04-2021 (JR)
                                       :
SCOTT J. BLOCH, *et al.*,              :
                                       :
      Defendants.                     :

**MEMORANDUM**

Both parties have moved for summary judgment in this Freedom of Information Act ("FOIA") case. Plaintiff, which goes by the acronym PEER, filed two FOIA requests for work product prepared by all outside consultants for the Office of Special Counsel ("OSC"). The goal appears to have been to assess the performance and credentials of one Alan Hicks, because "PEER had been informed that Mr. Hicks was the former headmaster of Mr. Bloch's child's school and that Mr. Hicks had no meaningful qualifications that would help improve the operations of the OSC or advance the agency's mission." [16] at 2. OSC produced documents responsive to the requests, but withheld certain documents as predecisional and deliberative within the (b)(5) exemption, and withheld others in part in order to avoid publishing private or trivial administrative data under exemptions (b)(2) and (b)(6). I find that all the withholdings were appropriate, and grant summary judgment to the agency.

I.  Exemptions (b)(2) and (b)(6)

The plaintiff essentially concedes that if OSC is only withholding administrative data such as tax ID numbers, social security numbers, home addresses, and the like, that the withholdings under these exemptions are appropriate.  See [22] at 3.  The Vaughn index and accompanying declaration make clear that the data withheld is personal identifying information, see [17, Attachment 2] at 2-3; [18, Attachment 1] at 4, and the redacted documents themselves show that the withheld data are essentially entries on forms such as social security numbers, dates of birth, and addresses.  See [18, Attachment 1] at 17-51.  There is thus no dispute between the parties about the propriety of withholding the information redacted under these exemptions.

II.  Exemption (b)(5)

FOIA exempts from disclosure those "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  When this exemption is invoked in the form of the "deliberative process privilege," two conditions must be met before that privilege is applied.  First, the disclosed information must actually have been predecisional in the sense of being prior in time to the final decision on agency policy.  Second, the ideas or opinions expressed must actually have been deliberative in the sense of contributing to

the "give and take of the consultative process." <u>Coastal States Gas Corp. v. Dept. of Energy</u>, 617 f2d 854, 866 (D.C. Cir. 1980); <u>see also</u> <u>NLRB v. Sears, Roebuck & Co.</u>, 421 U.S. 132, 149-153 (1975); <u>Vaughn v. Rosen</u>, 523 F.2d 1136, 1144 (D.C. Cir. 1975). Thus, the privilege protects "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency," <u>Coastal States</u>, 617 F.2d at 866, so long as those recommendations, et cetera, actually predate and contribute to the relevant agency decision.

Here, the agency has invoked the (b)(5) privilege to justify withholding, in whole or in part, five types of documents.  It has withheld: (1) most of the substance of a memo prepared by Hicks; (2) portions of progress reports prepared by a consultant called MPRI; (3) all documents characterized as "proposed requirements for IT design of automated FOIA tracking screens"; (4) all documents characterized as "proposed requirements for IT design of automated survey formats" (106 documents); and (5) a document described as "draft position descriptions."

The content of the Hicks memo was properly withheld. The subject line states that it is a "Report on Work, Recommendations: **Predecisional, for advisory purposes only.**" [16, Attachment 3] at 40.  The portions released to PEER fully

disclose the nature of the work that Hicks was doing – assessing "procedures within the Office of Special Council [sic] . . . on ways to achieve a more efficient processing of complaints and investigations of office management." Id.  The content of that assessment and his recommendations are plainly predecisional.  OSC did eventually reorganize its complaint processing, and PEER criticized its ultimate decisions.  See [16, Attachment 1] at 34.  Exemption (b)(5) covers inter-agency recommendations that are intended to contribute to such final decisions.

The portions of the MPRI progress reports that are withheld are also appropriate.  OSC released the final report, and PEER was able to fully criticize the steps that OSC took as inconsistent with that report (making the report itself a waste of government resources).  See [16, Attachment 1] at 34.  Preliminary thoughts about the direction an agency might take are protected by the deliberative process privilege, especially where the final document with final recommendations is released in full.

The proposed requirements for IT design are also appropriately withheld.  The agency has made clear that, at the time that the FOIA request was processed, there had been no final agency decision with respect to these IT matters.  See [21] at 5.  The deliberative process privilege recognizes that it is appropriate to criticize final agency decisions, but that the

public's access to the recommendations considered in coming to those decisions should be limited in order to facilitate a healthy and full deliberation of a range of options.  See Jordan v. Dept. of Justice, 591 F.2d 753, 772-773 (D.C. Cir. 1978) (en banc) (the privilege "protects the integrity of the decision-making process itself by confirming that officials should be judged by what they decided, not for matters they considered before making up their minds"), overruled on other grounds by Crooker v. ATF, 670 F.2d 1051 (D.C. Cir. 1981).  Final IT decisions are generally discoverable under FOIA; proposed IT solutions are not.

Finally, the draft position descriptions also appear to be appropriately withheld.  The agency makes clear that it was still considering position statements at the time the FOIA requests were filed.  See [21] at 5.  Again, FOIA provides public access to the position descriptions that were finally created, not the draft text considered along the way.

In sum, the document withholdings in this case were appropriate.  OSC segregated and released much responsive data, and withheld only personal or trivial identifying information and drafts, proposals, and recommendations covered by the (b)(5) privilege.  See Coastal States, 617 F.2d at 866 (exemption (b)(5) protects "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the

personal opinions of the writer rather than the policy of the agency").  The agency's motion for summary judgment will be granted.

An appropriate order accompanies this memorandum.


                                        JAMES ROBERTSON
                                   United States District Judge